UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY B. ROTH,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>TREX COMPANY, INC.,<br><br>　　　　　Defendant. | Case No. 23-cv-04895-AMO<br><br>**ORDER GRANTING MOTION TO ENFORCE JUDGMENT**<br><br>Re: Dkt. No. 12 |

Before the Court is Defendant Trex Company, Inc.'s ("Trex") motion to enforce judgment. The matter is fully briefed and suitable for decision without oral argument. Accordingly, the hearing set for February 29, 2024, is **VACATED**. *See* Civil L.R. 7-6. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the Court hereby **GRANTS** the motion for the following reasons.

**I.　　Background**

　　**A.  Factual Background**

On April 7, 2010, in *Ross v. Trex Company, Inc.*, Case No. 5:09-CV00670-JF ("Class Action Settlement"), this Court approved a nationwide class action settlement involving allegations of a surface flaking defect in Trex's manufactured decking products. ECF 12 ("Motion") at 3 (citing ECF 12-3 ("William R. Gupp Declaration") ¶¶ 1-3, Ex. 1). The approval of the Class Action Settlement and judgment included a permanent injunction barring any class member from filing suit based on any released claims. Gupp Decl., Ex. 1 (ECF 12-4) ("Class Action Settlement") at 15-16. The settlement class consists of:

> [A]ll Persons in the United States or its Territories who own or owned decks or other structures composed of Trex Product manufactured at Trex's Fernley, Nevada plant

between January 1, 2002 and December 31, 2007. Included within the Settlement Class are the legal representatives, heirs, successors in interest, transferees, and assignees of all such foregoing holders and/or owners, immediate and remote. Notwithstanding the foregoing, the following Persons shall be excluded from the Class: Trex and its subsidiaries and affiliates; [and] all persons who, in accordance with the terms of this Agreement, properly execute and timely file during the Opt-Out Period a request for exclusion from the Settlement Class . . .

*Id.* at 4-5. The court found that notice to the settlement class was adequate and satisfied due process:

> 5. Class Notice. The Court finds that the direct mail notice and publication of the Notice in accordance with the terms of the Settlement Agreement and this Court's Preliminary Approval Order, and as explained in the declarations filed before the Fairness Hearing:
>
> a. constituted the best practicable notice to Class Members under the circumstances of this Action;
>
> b. were reasonably calculated, under the circumstances, to apprise Class Members of (i) the pendency of this class action, (ii) their right to exclude themselves from the Settlement Class and the proposed Settlement, (iii) their right to object to any aspect of the proposed Settlement . . . , (iv) their right to appear at the Fairness Hearing (either on their own or through counsel hired at their own expense), and (v) the binding effect of the orders and Final Order and Judgment in this Action, whether favorable or unfavorable, on all persons who do not request exclusion from the Settlement Class;
>
> c. was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to be provided with notice; and
>
> d. fully satisfied the requirements of the Federal Rules of Civil Procedure, including Fed. R. Civ. P. 23(c)(2) and (e), the United States Constitution (including the Due Process Clause), the Rules of this Court, and any other applicable law.

*Id.* at 5-6. In the settlement order, the court retained jurisdiction to enforce the settlement and injunction. *Id.* at 17.

In 2006, Plaintiff Gary Roth's ("Roth") predecessor in interest purchased decking material manufactured and distributed by Trex. ECF 15-1 ("Roth Declaration") ¶ 3. Roth purchased the property with Trex decking in July of 2020. ECF 1-3 ("Complaint") at 4.

**A. Procedural Background**

On October 27, 2022, Plaintiff Gary Roth submitted a claim to Trex under the Class Action Settlement for defective decking material purchased by Roth's predecessor in interest. Gupp Decl.

1  ¶ 6, Ex. 2 ("Claim Form") at 2-7.  On February 22, 2023, Trex offered to pay Roth $6,739 for the

2  affected decking material and an additional $687.60 pursuant to the Class Action Settlement order.

3  ECF 16-5 at 4.  A claims resolution specialist at Trex followed up with Roth in May of 2023 to see

4  if he had reviewed the offer letter.  *Id.* at 6.  Roth refused the settlement payment.  Roth Decl. ¶¶

5  16-25.

6  On August 15, 2023, Roth filed an action in Contra Costa County Superior Court for

7  product liability, negligence, and breach of warranty against Trex for "defective decking materials

8  resulting in property damage."  Compl. at 4.  Trex removed the case to federal court on September

9  25, 2023 under supplemental jurisdiction as the Complaint "arises from the same subject matter as

10  the Class Settlement Agreement and underlying class action."  ECF 1 ¶ 12.  The instant motion

11  followed, seeking to dismiss the action and permanently enjoin Roth from prosecuting the action

12  in any forum pursuant to the Class Action Settlement.  Motion at 1-2.

### I.  LEGAL STANDARD

"[A] judgment in a properly entertained class action is binding on class members in any subsequent litigation."  *Cooper v. Federal Reserve Bank of Richmond*, 467 U.S. 867, 874 (1984).  A court's approval of a class action settlement constitutes a final judgment on the merits.  *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746-47 (9th Cir. 2006) (citing *Green v. Ancora Citronelle Corp.*, 577 F.2d 1380, 1383 (9th Cir. 1978)).  "Indeed, the 'central purpose of each of the various forms of class action is to establish a judgment that will bind not only the representative parties but also all nonparticipating members of the class certified by the court.'"  *Roussel v. Wells Fargo Bank*, 2012 WL 5301909, *3 (N.D. Cal. Oct. 25, 2012) (citing 18A Wright et al., Federal Practice and Procedure: Jurisdiction § 4455, at 448 (2d ed. 2002)).

### II.  ANALYSIS

Trex moves to dismiss the current action as one that asserts a released claim, to enforce the existing injunction against Roth, and to find Roth in contempt of the settlement order.  Motion at 2. Roth contends that he is not barred from pursuing this action because he did not receive notice of the class settlement and that the settlement is void because Trex failed to abide by the settlement's terms.  Response at 3-7.  The Court first addresses whether Roth received proper

3

notice of the settlement before considering whether Trex has violated the terms of the settlement.[1]

### A. Notice

The suit at bar expressly alleges flaking of deck components, the same product subject to the settlement order. Compl. at 1-5. Roth concedes that the Class Action Settlement would ordinarily preclude his claim but argues that res judicata does not bind him because he was not given notice of the class action or an opportunity to opt-out. ECF 15 ("Response") at 2, 4.[2] This argument obfuscates that the proper queries relate to his predecessor in interest, as Roth did not purchase the home with Trex decking until July of 2020, Compl. at 4, more than ten years after the litigation in the underlying Class Action Settlement. Roth's predecessor in interest purchased the decking material in 2006. Roth Decl. ¶ 3. Roth has not alleged that his predecessor failed to receive notice or opted out. Moreover, the *Ross* Court determined that notice was sufficient when it approved the class settlement. Class Action Settlement at 5-6 ("The Court finds that the direct mail notice and publication of the Notice . . . constituted the best practicable notice to Class Members under the circumstances of this Action . . . [and] was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to be provided with notice . . ."). Accordingly, there is no basis for the Court to conclude that Roth, himself, was owed notice, and that the class action settlement should not have a res judicata effect on Roth's claim.

### B. Whether Trex Honored the Agreement

Roth additionally argues that he should not be bound by the Settlement Agreement because Trex has failed to honor the agreement's terms. Response at 6-7. Roth asserts that he filed a claim with Trex to recover the entire replacement cost of his boards and Trex only offered to pay 20% of the cost, in violation of the agreement. *Id*. at 6. However, the Class Action Settlement provides that "[i]n the event that any Class Member disagrees with the claim determination by Trex, that Class Member may appeal the Trex determination to a Claims Administrator within thirty-five (35) days of their receipt of the initial determination . . . If no appeal is timely made,

---

[1] Trex objects to various statements in Roth's declaration. *See* ECF 16 ("Reply") at 8-14. Because the Court does not rely on these statements in its ruling, it denies the objections as moot.
[2] Roth concedes that he is a member of the settlement class. *See* ECF 15 ("Response") at 3-6; Roth Decl. ¶ 3, 9.

then the initial determination of the Claim shall be final." ECF 16-4 ("Settlement Agreement")[3] at 16. Roth failed to follow this procedure and did not appeal the initial claim determination. Thus, he may not bring suit on the grounds that Trex failed to comply with the settlement agreement. *See Mahan v. Trex Co., Inc.*, No. C 09-00670 JSW, 2014 WL 12641573, at *2 (N.D. Cal. June 25, 2014) (no basis for filing suit related to same underlying settlement order where plaintiffs failed to appeal Trex's initial claim determination).

### C. Discovery

Roth also requests an opportunity to conduct discovery in his action in state court "to determine privity and adequacy of notice to Plaintiff." Response at 7. However, when it approved the class action settlement, the Court concluded that the notice provided to class members was sufficient to comply with due process. Class Action Settlement at 5-6. Accordingly, Roth may not relitigate an issue that has already been adjudicated in the binding class settlement. *See Reyn's Pasta Bella*, 442 F.3d at 746.

### D. Sanctions

Trex requests that the Court find Roth in contempt of the settlement order, sanction him, and require him to pay Trex's costs and fees. Motion at 8; Reply at 6. However, Trex provides little caselaw and no analysis to support these requests. *See id.* If Trex wishes to advance any of these requests, it can do so through additional filings. *See, e.g.*, Northern District of California Civil Local Rule 7-8 (requiring a separate motion for sanctions).

///
///
///

### III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant Trex's motion to enforce judgment and hereby **ENJOINS** the state-court action filed by Roth. The Court **DENIES AS MOOT** the motion for relief from case management schedule, ECF 17, and **VACATES** the

---

[3] The Class Action Settlement incorporates the terms of the Settlement Agreement. Class Action Settlement at 4.

5

November 30, 2023 hearing.  If Defendant wishes to move for sanctions or fees or to find Plaintiff in contempt, it **SHALL** do so within **14 days** of this Order.

**IT IS SO ORDERED.**

Dated: November 27, 2023

_____
**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**